IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-cv-264-TMH |
| | ) | |
| TOWN OF JACKSON'S GAP, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

## <u>ORDER</u>

This action is presently before the Court on several motions filed by the plaintiff challenging the ability of Magistrate Judge Susan Walker and Senior District Judge Truman Hobbs to enter certain Orders in this case. All of the challenged Orders signed by Magistrate Judge Walker were non-dispositive. For the reasons that follow, the plaintiff is not entitled to the relief he seeks.

## BACKGROUND

Gene Coggins ("Coggins"), a *pro se* litigant with a long history of filing in this Court frivolous lawsuits and lawsuits over which this Court lacks subject matter jurisdiction,[1]

---

[1]  Including this case, it appears that Coggins has filed thirty-three lawsuits in this Court since 1992. All but seven of those suits have been filed in the past five years. Twelve of the cases have been filed in the past four months. All but six of his most recently filed cases have been dismissed. In many of the cases Coggins filed in this Court, he was suing to raise his dissatisfaction with the actions of various judicial officers from certain state or municipal courts. In August of 2007, Coggins began filing lawsuits against Chief Judge Fuller of this Court in which he voiced his dissatisfaction with how Chief Judge Fuller had handled some of Coggins' cases in this Court. Eventually, Coggins filed a suit against every judicial officer from this Court who had taken any action in any of his prior lawsuits in this

brings this suit against the Town of Jackson's Gap. Along with his Complaint, Coggins filed a motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this case to United States Magistrate Judge Susan Walker for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. The Order (Doc. # 4) referring the case to Magistrate Judge Walker was entered on April 9, 2008.

On April 18, 2008, Coggins brought another lawsuit suit against the United States District Court for the Middle District of Alabama, the Clerk of the Court, all of the Magistrate Judges currently serving on this Court, a person who served as a Magistrate Judge for this Court until her resignation on December 31, 2006, all of the active District Judges, and one of the Court's Senior Judges.[2] In the April 18, 2008 lawsuit against the Court and most of its judges and its clerk, Coggins complained about rulings adverse to him in lawsuits previously filed in this Court. On April 28, 2008, the April 18, 2008 suit against the Court and most of its judges and its clerk was dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

On April 29, 2008, Magistrate Judge Capel held a hearing on Coggins' motion for

---

Court and against the Court itself.

[2] Specifically, the April 18 complaint names the following defendants: the United States District Court for the Middle District of Alabama; Chief United States District Judge Mark E. Fuller; Magistrate Judge Susan Russ Walker; Magistrate Judge Terry F. Moorer; Magistrate Judge Charles S. Coody; United States District Judge Myron H. Thompson; United States District Judge W. Keith Watkins; Senior United States District Judge W. Harold Albritton; former Magistrate Judge Delores R. Boyd; Clerk of the Court, Debra P. Hackett; and Magistrate Judge Wallace Capel Jr.

leave to proceed *in forma pauperis* in this and several other cases.  On that same date, Magistrate Judge Capel entered a written Order (Doc. # 9) in this case granting Coggins' motion for leave to proceed *in forma pauperis* based on a review of Coggins' financial records.  Thereafter, Magistrate Judge Walker entered an Order on May 1, 2008 denying Coggins' motion to use the appendix system,[3] and staying the case and service of process in the case pending review under 28 U.S.C. § 1915.  By an Order (Doc. # 12) dated May 5, 2008, the undersigned denied Coggins' request for entry of default judgment against the as yet unserved defendant.  On May 6, 2008, Magistrate Judge Walker entered a Report and Recommendation (Doc. # 13) that this case be dismissed prior to service pursuant to 28 U.S.C. § 1915.  Later that day, the Court received a motion (Doc. # 14) from Coggins challenging the ability of Magistrate Judge Walker to enter any orders in this case because she was a named defendant.  Magistrate Judge Walker entered an Order (Doc. # 15) granting this motion and vacating her May 1, 2008 (Doc. # 11) Order and her May 6, 2008 Report and Recommendation (Doc. # 13).  On May 7, 2008, the undersigned entered an Order (Doc. #

---

[3]  In each of his cases, Coggins has filed a "Motion to Use the Appendix System."  By this motion Coggins indicates that he wishes to use the "appendix system" pursuant to Federal Rule of Civil Procedure 34(a).  In this motion he also states that he does not desire oral argument and that he has a medical problem with his blood pressure which requires daily medication.  The Court cannot find any reference to anything called the "appendix system" in Federal Rule of Civil Procedure 34(a).  Federal Rule of Civil Procedure 34(a) addresses discovery between parties and is wholly unrelated to the relief Coggins seeks in the motion invoking it as authority.  To the extent that Coggins might be referring to Rule 34(a) of the Federal Rules of Appellate Procedure, which addresses oral argument of cases before the Courts of Appeals, Coggins is advised that the Federal Rules of Appellate Procedure do not apply to this Court.

16) denying Coggins' motion to use the appendix system because it was without merit and because Magistrate Judge Walker had vacated her prior ruling on that motion.  On May 9, 2008, Coggins filed a motion (Doc. # 18) challenging the undersigned's authority to enter the May 5, 2008 Order denying his request for a default judgment.  On May 12, 2008, Coggins filed an objection to and "motion to dismiss" Magistrate Judge Walker's then vacated Report and Recommendations and her May 7, 2008 Order vacating her prior Orders.

In the motions presently before this Court, Coggins contends that it was illegal for Magistrate Judge Walker to enter any orders in this case because she had been made a defendant in the suit against this Court, most of its judges and its clerk which he filed on April 18, 2008.  Coggins asks that Magistrate Judge's orders be "dismissed."  The Court considers this to be an objection to Magistrate Judge Walker's prior orders.

Coggins also contends that the undersigned judge is directly or by association involved in his prior lawsuit against this Court, nearly all of its judges, and its clerk.  Consequently, Coggins believes that any action by any judge of this Court is illegal.  Coggins also challenges the legality of the electronic signature on the several of the Court's Orders.  The remaining "grounds" for Coggins motion defy coherent summary.

**ANALYSIS**

In accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), this Court has reviewed the objection, the Magistrate Judge's Order, and all submissions related to that Order.  For the reasons set forth below, this Court finds that the

4

Magistrate Judge's prior actions and orders were neither clearly erroneous, nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Contrary to Coggins' assertions, a judge is not disqualified merely because a litigant sues or threatens suit against him. Judges need not recuse themselves merely because they are named as defendants in a meritless action or merely because they have been personally attacked by the defendant in other proceedings. *See, e.g., Azubuko v. Royal,* 443 F.3d 302, 304 (3d Cir.2006) (holding that district judge did not abuse her discretion in refusing to withdraw from case by *pro se* litigant against another federal judge where pro se litigant also had a lawsuit pending against district judge because the fact that *pro se* litigant had sued numerous federal judges, including the one handling the case was not sufficient to establish that recusal was warranted under 28 U.S.C. § 144 or § 455(a)); *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (district judge did not err in denying criminal defendant's motion for recusal based on lawsuit filed by criminal defendant against the district judge prior to sentencing); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). *Accord, In re Bush*, 232 Fed. Appx. 852, 854 (11th Cir. 2007) (affirming refusal of trial judge to disqualify himself from a case involving litigant who had sued that judge in a frivolous action alleging dissatisfaction with prior judicial rulings by the judge). Thus, in this Court's view, neither Magistrate Judge Walker, nor any of the other judges of this Court including the undersigned judge, are precluded from handling any of the lawsuits Coggins files.

Moreover, there exists yet another reason for rejecting Coggins' contention that his

prior lawsuits against judges of this Court require all judges Coggins has previously sued to recuse themselves from handling any of his current cases.  While it is true that federal law requires judges to disqualify or recuse themselves in certain circumstances where a conflict of interest can be said to exist, an exception to this doctrine exists which is known as the "rule of necessity."  When a defendant indiscriminately brings suit against all of the judges of a court, the judges may hear the case if there is no other judge from that court available to hear it.  *See, e.g., Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1164-65 (9th Cir. 2006); *Switzer v. Coan*, 261 F.3d 985, 987 n.1 (10th Cir. 2001); *Bolin v. Story*, 225 F.3d 1234, 1238-39 (11th Cir. 2000); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 9-11 (2nd Cir. 1999); *Foley v. United States*, No. C 06-7481CW, 2007 WL 2429414 at *3 (Aug. 23, 2007).  At this juncture, Coggins has sued all of the current Magistrate Judges serving on this Court and all of the active district court judges.  Additionally, Coggins has sued the Court itself.  In circumstances such as this, the rule of necessity provides that none of the judges are required to recuse themselves from handling Coggins' cases.[4]  Thus, it was not in any way improper[5] for Magistrate Judge Walker to enter

---

[4] As of this moment Coggins has not yet sued the undersigned judge, a Senior United States District Judge, nor one other Senior United States District Judge in this District.  It is apparent from numerous documents filed with this Court that Coggins has a clear intention to add recusal allegations against any judge who construes that law differently than Coggins does or who rules against him.  That makes this case precisely analogous to a recent case from the Eleventh Circuit which extended the rule of necessity to where it is clear that a plaintiff who has not yet sued every judge, but has made it plain by his pattern of litigation that he will eventually do so.  *See, e.g., Davis v. Kvalheim*, No. 07-12754, 2008 WL 67676 at *2 & n.4 (11th Cir. Jan. 8, 2008).  Thus, it is clear that the rule of necessity applies to

the Orders she entered.  Similarly, it was not in any way improper for the undersigned to enter the Orders he entered.  Furthermore, the Court notes that proper electronic signatures may and are used on electronically filed orders.

Accordingly, Coggins' objections either to the Magistrate Judge's prior Orders or to the undersigned's prior Orders are OVERRULED and Coggins' motions to dismiss (Doc. # 18 and Doc. # 19) are DENIED.

DONE this the 14th day of May, 2008.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE

---

Coggins' filings in this Court.

[5] In addition to challenging Magistrate Judge Capel's authority to enter Orders in this case, Coggins also raises general challenges to a court's authority generally to stay an action or service of summons and complaint pending review under 28 U.S.C. § 1915.  These arguments are wholly without merit and warrant no further discussion.