IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:08cv264-TMH |
| | ) |
| TOWN OF JACKSON'S GAP, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Gene Coggins, proceeding *pro se*, proceeds *in forma pauperis* in this action (Doc. # 9).[1] Upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2,3]

In this case, plaintiff sues the Town of Jackson's Gap. He complains that the defendant town failed to protect him from theft and damage to his private property. He further complains that the town unlawfully charged him with domestic violence and

---

[1] This is one of nearly two dozen lawsuits filed by plaintiff in this district in just over one year. Most of the cases have been dismissed prior to service of process; none have survived beyond the motion to dismiss stage.

[2] This order was originally entered on May 6, 2008 as a recommendation by Magistrate Judge Susan Russ Walker and was vacated on the same day. The district judge has independently reviewed the case and determined that dismissal is appropriate.

[3] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

menacing, resulting in his false arrest and imprisonment.[4]   Plaintiff seeks damages in an amount exceeding twenty million dollars, a judgment dissolving the municipal corporation, and other injunctive relief.[5]

The claims plaintiff seeks to assert in this action are barred by the doctrine of *res judicata*. *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)(citation omitted). "A case is barred from re-litigation under the doctrine of *res judicata* if: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.'" Konikov v. Orange County, Florida, 2008 WL 1914440, *1 (11th Cir. May 1, 2008)(unpublished opinion)(quoting Ragsdale, *supra*). "*Res judicata* acts as a bar 'not only to the precise legal

---

[4] Although plaintiff's allegations are vague, it is apparent from pleadings plaintiff has filed in other actions in this court that these claims arise from plaintiff's dispute with his nephew, Mike Coggins, over property plaintiff claims to own. See, *e.g.*, Complaints in Civil Action No. 3:07cv402-MEF and Civil Action No. 3:08cv1010-MHT.

[5] Plaintiff includes allegations that the court in his criminal action, in order to enforce an injunction it entered against plaintiff in its release order, "must provide written proof of any property Mike Coggins owns in Tallapoosa County, or any where, legal written notices signed by present owner giving him permission to be on said property, notarize by a local notary public, within the next three working days from this notice . . . " (Complaint, p. 4). Plaintiff may not obtain injunctive relief against the state court by means of the present civil action. Plaintiff's allegations about what the state court must do to enforce its injunction, as well as his allegations that the state circuit court erred by failing to grant his requested continuance of the criminal trial, are irrelevant to the claims he brings against the sole defendant in this action, the Town of Jackson's Gap. Plaintiff made substantially identical allegations in several other cases he filed in this court on the same day as the present action. The defendants in the other cases included state court judges; these extraneous allegations were likely included to support plaintiff's claims against those defendants.

theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" Pleming v. Universal-Rundle Corp., 142 F.3d 1354 (11th Cir. 1998)(quoting Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992)).

The claims plaintiff asserts in this action were resolved previously by a final judgment entered by a court of competent jurisdiction in a case brought by the plaintiff against the same defendant. See Coggins v. City of Jackson's Gap, Civil Action No. 3:07cv402-MEF (See Doc. # 1, Complaint, and Doc. 45, Recommendation of the Magistrate Judge, pp. 15-20). In the earlier lawsuit, plaintiff's claims were dismissed with prejudice by judgment entered on November 7, 2007 (Doc. # 48). Although plaintiff sought to appeal the judgment, he failed to do so in a timely manner and, accordingly, his appeal was dismissed by the Court of Appeals for the Eleventh Circuit. (Doc. # 54). Plaintiff may not now effectively "appeal" the judgment dismissing his claims by filing a new action against the same defendant asserting the same claims.

For the foregoing reasons, this action is due to be dismissed with prejudice. A separate judgment will be entered.

DONE, this 14th day of May, 2008.

*Truman Hobbs*
SENIOR UNITED STATES DISTRICT JUDGE